## Christ Mueller et al., Plaintiffs in Error, v. Walter Mueller, Defendant in Error.

1. INSURANCE—*when United States not necessary party to suit to establish and enforce trust in war insurance benefits.* The United States was neither a necessary nor a proper party to a suit to establish and enforce a trust in war insurance payments against the beneficiary named in the policy.

2. COURTS—*jurisdiction of suit to establish and enforce trust in war insurance benefits.* The State courts have jurisdiction of a suit to establish and enforce a trust in the funds being paid by the government under a war insurance policy on the life of a soldier who died in the service.

3. INSURANCE—*rights under war insurance policy.* The taking out by a soldier of a war risk policy of insurance is in effect a contract that the beneficiary named therein should have the whole of the insurance, and the burden of proving a trust therein for the benefit of others is upon the parties seeking to establish such trust.

4. INSURANCE—*declarations of insured as affecting beneficiary.* Declarations of an insured person in the absence of the beneficiary and inconsistent with the contract shown in the policy are not binding on the beneficiary.

5. EVIDENCE—*declarations of one party to contract as binding the other.* The declarations made by one party as to a contract with another person cannot bind the latter unless he assents thereto.

6. INSURANCE—*when evidence insufficient to establish trust in benefits of war insurance policy.* In a suit to establish a trust in the proceeds of a war risk insurance policy on the life of a soldier, where the only showing made by the bill was of declarations by insured to fellow soldiers that the policy was taken out in the name of defendant for convenience, with the understanding that the insurance was to be shared with plaintiffs, and requests made to such fellow soldiers that they request defendant to make such division, the inference being that such requests were made after the policy was issued and there being no showing that they were communicated to defendant during the lifetime of insured, the allegations failed to establish an express, implied or constructive trust and the bill was properly dismissed.

Error to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1921. Affirmed. Opinion filed November 10, 1921.

JAMES O. MILLER and H. C. LINDAUER, for plaintiffs in error.

BARTHEL, FARMER & KLINGEL and H. F. LILL, for defendant in error.

MR. JUSTICE BARRY delivered the opinion of the court.

In this case a bill was filed by plaintiffs in error to establish and enforce a trust. A demurrer was interposed and sustained and the bill dismissed for want of equity. The bill averred that Arthur Mueller was a son of the complainant Christ Mueller and a brother of the other complainants and that he died in October, 1918, while in the service in France; that upon his induction into the service he took out a war risk policy of insurance for $10,000 in which he designated defendant in error as the beneficiary. The bill then proceeds:

"Your orators further represent that said designation of said Walter, as beneficiary, was for convenience only, and in trust for said Walter to act as trustee to divide up and share the proceeds of said policy in case of death of the insured, among all of complainants and said defendant equally. That said soldier kept a memorandum book in which he made this entry: 'In case of my death I request my brother Walter to share the insurance equally with my father and my sisters,' and also he requested his comrades in case of his death to request his said brother Walter to divide up his insurance among his father and sisters equally and that his brother had been designated the beneficiary for convenience with the understanding with him had, that he was to share the insurance with the aforesaid."

It is then averred that since the death of the insured the United States has paid to defendant in error $50 per month and that he refuses to divide the same with plaintiffs in error and prays that he be required

to account for all the trust fund received by him and that he be decreed to pay to complainants their share thereof and also their share of all future payments.

A demurrer was interposed to the bill on the ground that the court had no jurisdiction; that the District Court of the United States for the Eastern District of Illinois has exclusive jurisdiction; that the United States is a necessary party and that there is no equity shown by the bill.

In our opinion the United States was neither a necessary nor a proper party. The circuit court of St. Clair county had jurisdiction of the cause.

The bill fails to show that there was an agreement between the insured and defendant in error that the latter should collect the insurance and share it with plaintiffs in error. The taking out of the policy with defendant in error as the designated beneficiary was in legal effect a contract that he should have the whole of the insurance. If such was not the contract the burden was on plaintiffs in error to make such a showing. To aver that the insured had told others that his brother had been designated the beneficiary for convenience with the understanding with him had that he was to share the insurance with complainants is wholly insufficient. Declarations of the insured in the absence of defendant in error, inconsistent with the contract shown by the policy, are not binding on the latter. *Vail v. Rynearson*, 249 Ill. 501-507. The declarations made by one party as to a contract with another person cannot bind the latter unless he assents thereto. *Willis v. Zorger*, 258 Ill. 574-578.

The bill fails to show that there was any agreement other than the one shown by the policy at or prior to the time the policy was issued; nor does it show that any subsequent agreement was made with reference to a division of the insurance. It is a fair inference from the averments of the bill that the requests made by the insured were subsequent to the time the policy was

issued and defendant had become the sole beneficiary. There is no showing that said requests were communicated to defendant in error in the lifetime of the insured, or that he' ever assented thereto.

The allegations are wholly insufficient to establish an express, implied or a constructive trust. The decree dismissing the bill for want of equity was properly entered and it is affirmed.

*Affirmed.*